KAJ LAURSEN, APPELLANT, V. KIEWIT CONSTRUCTION COMPANY, A CORPORATION, AND RONALD E. SORENSEN, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEES.

390 N.W.2d 534

Filed July 18, 1986.  No. 85-912.

David D. Weinberg of Weinberg & Weinberg, P.C., for appellant.

Dean G. Kratz of McGrath, North, O'Malley & Kratz, P.C., for appellee Kiewit Construction Company.

Jerry D. Slominski, for appellee Sorensen.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The petitioner has appealed from a judgment of the district court which had affirmed the decision of the Nebraska Appeal Tribunal denying certain unemployment compensation benefits to him.

This appeal involves an interpretation of Neb. Rev. Stat. § 48-628(d) (Reissue 1984). That section disqualifies a worker for unemployment benefits if a worker's "unemployment is due to a stoppage of work which exists because of a labor dispute at the . . . premises at which he or she is or was last employed." A worker may become requalified under that section

if it is shown to the satisfaction of the commissioner that . .

. (2) he or she does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating, financing, or directly interested in the dispute . . . .

Petitioner was employed as an ironworker foreman by the respondent Kiewit Construction Company and is a member of the ironworkers Local 21 of Omaha, Nebraska. On June 22, 1983, he was so employed at his employer's jobsite at Bishop Clarkson Memorial Hospital. On that date a labor dispute arose, resulting in the carpenters' walking off the job. Additionally, the ironworkers also left the job, although there was work available for them. Petitioner continued on the job until June 27, when he was terminated because there was no work available for him.

The Nebraska Commissioner of Labor denied benefits to the petitioner, which action was affirmed by the Nebraska Appeal Tribunal and the district court.

There appears to be no controversy but that petitioner's unemployment was due to a work stoppage resulting from a labor dispute. It seems equally apparent that petitioner was a member of the same "grade or class of workers" as was his striking crew, i.e., ironworkers.

Petitioner relies on *Gilmore Constr. Co. v. Miller*, 213 Neb. 133, 327 N.W.2d 628 (1982), in support of his position that one who is a member of a nonstriking union, or who does not belong to a grade or class of workers who were participating in a labor dispute, is eligible for unemployment compensation benefits. What petitioner overlooks is that in *Gilmore* the worker was not denied benefits and was a member of the cement masons union which in no way participated in nor supported in any manner the strike called at the jobsite. In the present case, the ironworkers union, which contained the grade or class of workers of which Laursen was a member, for whatever reason joined the work stoppage by walking off the job.

Petitioner also argues that because he was a foreman he was not of the same "grade or class." Petitioner was an ironworker.

The agreement between the ironworkers and the contractors provides: "(1) When two or more employees are employed as Ironworkers, one shall be selected by the Employer to act as Foreman and receive a Foreman's wages." There is no validity to this attempted distinction.

The judgment of the district court was correct, and it is affirmed.

AFFIRMED.